UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOANN MADDREY,<br><br>              Plaintiff,<br><br>     v.<br><br>QUALICENTERS INLAND NORTHWEST L.L.C., d/b/a Fresenius Medical Care, Fresenius Medical Care North America, Fresenius Medical Services, and Fresenius Medical Care Columbia Basin,<br><br>              Defendant. | No.  CV-13-5001-EFS<br><br>**PROTECTIVE ORDER** |

**IT IS HEREBY ORDERED:**

**1. Scope and Purpose of this Order:**  This Confidentiality Agreement and Stipulated Protective Order ("Protective Order") shall govern the designation and handling of protected documents produced in this litigation by any party or non-party, whether by voluntary production or disclosure or in response to any formal discovery or disclosure procedure, including designation and handling of non-public information of a confidential nature.  This Protective Order does not affect any party's or non-party's obligations under the Federal Rules of Civil Procedure ("FRCP") or any local Court rules to produce documents as required by the rules of discovery or an order of this Court.  The purpose of this Protective Order is to facilitate the handling of non-public information of a confidential or proprietary nature.

**2. Standards for Protected Documents; Alternative of Confidentiality Redactions:**  Any person who is required to produce documents or information in this litigation may designate material

PROTECTIVE ORDER - 1

produced as protected document(s) pursuant to this Protective Order. All designations must be based on the good faith belief that the information constitutes (a) proprietary or sensitive business, personal, or financial information; or (b) information subject to a legally protected right of privacy, specifically including but not limited to the medical privacy rights of individuals who received medical care from Plaintiff's employer.  For purposes of this Protective Order, information constituting "protected health information," as defined under the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R., parts 160-164, shall be deemed to be confidential information.  Such HIPAA-protected information may be redacted by any person from any documents that are produced or disclosed during this litigation, where redaction is a viable alternative available for protecting confidential information without designating an entire document as a protected document.

**3.  Protected Documents:**  Protected document(s) are those documents marked "CONFIDENTIAL" by any party.  These documents, referred to hereinafter as "protected documents," will be covered by this Protective Order and will be used only for the purposes of this case, and will not be used by any party or any party's counsel for any purpose unrelated to this case.

**4.  Designating Protected Documents:**

**a.  Marking Protected Documents:**  Protected documents shall be designated as confidential by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent, preferably in the lower right hand corner.

      **b.    Designating Deposition Testimony:** Any party or non-party wishing to designate deposition testimony or deposition exhibits as confidential may do so on the record during the deposition, or within 30 days after receipt of the deposition transcript and exhibits by providing written notice of the designation to the parties and any other affected person.  The party making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as confidential are appropriately marked and bound by the reporter.

      **c.    Subsequent Designation:** A protected document or deposition testimony produced or disclosed without a "CONFIDENTIAL" designation may be subsequently designated by any party as confidential.  In each such case, the designating person shall provide to all other parties written notice of that designation and with a copy of the document marked as "CONFIDENTIAL."  No person shall be liable for publicly disclosing a document marked "CONFIDENTIAL" if that disclosure occurred before receiving written notice pursuant to this paragraph.

  **5.    Maintaining Designated Protected Documents:** Any protected document must be maintained in a manner reasonably calculated to preserve its confidentiality.

//

//

  **6.    Disclosure of Protected Documents:**

      **a.**    Except as provided herein, or by any subsequent Court order, no protected documents shall be delivered, exhibited, or disclosed to any persons unless done in a manner that complies with this Protective Order.

PROTECTIVE ORDER - 3

     **b.**    The parties' counsel shall require all persons, except those listed below in paragraph 6(c), to read and agree to be bound by this Protective Order by endorsing the certification attached as Exhibit A before any such persons are given access to any protected document.  Counsel shall retain these certifications.

     **c.**    Protected documents may be delivered, exhibited or disclosed to the following persons, subject to the limitations of this Protective Order without those persons being required to sign the certification attached as Exhibit A, to:

          (i)    Counsel representing the named parties in this case and any paralegal, clerical or other employees of such counsel assisting in the prosecution or defense of this litigation;

          (ii)   Any copying or similar services hired by counsel to copy or reproduce documents in bulk;

          (iii) The Court or any of the Court's personnel;

          (iv)   Any person testifying or attending a deposition;

          (v)    Any person identified as having authored or having received the protected document(s) before this litigation arose; and

          (vi)   The parties and their client representatives, for any purpose in this litigation.

     **d.**    This Protective Order does not apply to information obtained by or made available to any person by means other than the discovery provisions of the FRCP.

    **7.**    **Producing Party's Use of Protected Documents:**  Nothing in this Protective Order limits a producing party's use of its own documents or any documents obtained through means other than discovery

PROTECTIVE ORDER - 4

requests or subpoenas in this litigation.  Such use shall not affect any "CONFIDENTIAL" designation made under the terms of this Protective Order.

**8.   Disputes as to Confidentiality Designation:**

**a.   Meet and Confer Requirement:** If, at any time, a party disagrees with the designation of a protected document, the parties must first attempt to resolve the dispute by conferring.

**b.   Protective Order:** If the dispute is not resolved through the meet-and-confer process, then, after receiving party's written notification to the producing party of its disagreement with the confidentiality designation, the producing party will have 30 days to move the Court for protection under the FRCP and this Court's local rules.  The parties may, however, agree to extend this period so as to bring any disputes about designations of protected documents to the Court either at one time or as efficiently as possible.

**c.   Status Pending Resolution of Dispute:** Any disputed document or deposition testimony or other material must be treated as a protected document under this Protective Order until entry of a Court order ruling otherwise.

**9.   Rights of Parties:** This Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any confidential information or documents, or for an order permitting disclosure of any confidential information or documents beyond the terms of this Protective Order.

**10.  Non-waiver of Privilege for Inadvertently Disclosed Materials:** Pursuant to Federal Rule of Evidence 502, the inadvertent disclosure of any document that is subject to a legitimate claim of attorney-client privilege or work product protection shall not waive the

PROTECTIVE ORDER - 5

privilege or protection either for that document or for the subject matter of that document.

**11. Return of Inadvertently Disclosed Materials:** Unless the requesting party disputes the claim of attorney-client privilege or work product protection, any document(s )the producing party deems to have been inadvertently disclosed, and to be subject to such a privilege or protection, shall upon written request, promptly be returned to the producing party or destroyed, at that party's option. If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter by this Court pursuant to FRCP 26(b)(5)(B) and Federal Rule of Evidence 502.

**12. Documents for Trial:** As part of the parties' efforts to file a stipulated pretrial order in accordance with this Court's LR 16.1(b), the parties will confer with the aim of reaching an agreement about a method for maintaining the confidentiality of private information and protected documents at trial. At the producing party's request, any document previously designated "CONFIDENTIAL" must be used at trial only in a clean or redacted copy without any such designation.

**13. Upon Case Completion:** Within 60 days after termination of this lawsuit, whether this occurs by agreement of the parties or by the passage of time beyond the last day for final appeal, a producing party may request the return or destruction of all protected documents produced in this litigation, except those filed with the Court or agreed by the parties to be retained for purposes of effectuating any judgment. Upon such a written request from a producing party, the recipient will have 60 days in which to: (a) return the subject

documents, (b) certify that the subject documents have been destroyed, with supporting details, or (c) file a motion with the Court seeking an order for good cause shown that the subject documents should not be returned or destroyed.  Even if there is no request under this paragraph to return or destroy the documents, the protected documents are still subject to this Protective Order.

   **14. Binding Confidentiality Agreement:**  The parties and their counsel agree to abide by the terms of this Protective Order as contractual commitments between them once this Protective Order has been signed by their respective counsel, and regardless of when or whether this Protective Order is entered by the Court.

   **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

   **DATED** this   12th   day of March 2013.

                                     s/ Edward F. Shea
                                    EDWARD F. SHEA
                          Senior United States District Judge

**Exhibit A**

I, _____, certify that I have received and read a copy of the Stipulated Protective Order in *Maddrey v. QualiCenters Inland Northwest L.L.C.*, No. CV-13-5001-EFS (E.D. Wash). I agree to be bound by this Protective Order. I further understand that any protected document and any notes, memoranda or other form of information derived from it, may not be used, copied or disclosed by me to anyone else except in strict accordance with the Stipulated Protective Order and then only for the prosecution and defense of this litigation.

Dated this \_\_\_ day of _____, 2013, at _____, Washington.

_____

_____
(Printed Name)